UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                                                           : 14-CR-0622 (S-1)(ARR)

UNITED STATES OF AMERICA                  : OPINION & ORDER

    -against-                                                 :

LUCY DIAZ GRANADOS-VALENCIA,

    Defendant.

------------------------------------------------------------ X

ROSS, United States District Judge:

On November 20, 2015, defendant Lucy Diaz Granados-Valencia entered an agreement with the government pleading guilty to conspiracy to import one or more grams of heroin. Plea Agreement, Letter Dec. 16, 2016 Ex. A, ECF No. 73-1, at ¶ 1. In this agreement, defendant agreed to forfeit all interest in $15,000.00 seized from her as proceeds of her crime (the "Forfeited Asset") and consented to the entry of a preliminary order of forfeiture pursuant to Federal Rule of Criminal Procedure 32. Id. ¶ 6. Defendant further agreed not to challenge the forfeiture of the Forfeited Asset. Id. ¶ 7.

On April 19, 2016, this court entered a preliminary order of forfeiture against the Forfeited Asset upon the government's application. Preliminary Order of Forfeiture, ECF No. 62. A final order of forfeiture was granted on July 14, 2016. Final Order of Forfeiture, ECF No. 66. On November 10, 2016, defendant filed a "Challenge to the Order of Forfeiture" alleging that petitioner had no notice of the forfeiture proceedings and that the government did not establish "the requisite nexus between the property and the offense" under Federal Rule of Criminal Procedure 32.2. Challenge to the Order of Forfeiture, ECF No. 69, at 2.

The Second Circuit has "long interpreted plea agreements under principles of contract law" while recognizing "that plea agreements are unique contracts in which special due process concerns for fairness and the adequacy of procedural safeguards obtain." United States v. Gotti, 457 F. Supp. 2d 411, 424 (S.D.N.Y. 2006) (quoting In re Altro, 180 F.3d 372, 375 (2d Cir. 1999)). While courts resolve any ambiguities strictly against the government, Gotti, 457 F. Supp. 2d at 424, "a defendant who knowingly and voluntarily enters into a plea agreement containing a waiver of [his] rights and obtains the benefit of such an agreement is bound by the waiver provision." See United States v. Difeaux, 163 F.3d 725, 728 (2d Cir. 1998) (citing United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993)). Granados-Valencia waived her right to challenge the forfeiture of the Forfeited Assets; therefore, her motion is denied. See Harper v. United States, No. 15-CV-4833 (CBA)(VMS), 2016 WL 4994996, at *11 n.10 (E.D.N.Y. Aug. 3, 2016) (plea agreement would bar request for return of forfeited items), R&R adopted 2016 WL 4995077 (E.D.N.Y. Sept. 16, 2016).

Finally, defendant's motion also addresses personal items confiscated from her at the time the Forfeited Asset was confiscated. Challenge to the Order of Forfeiture, ECF No. 69, at 4. These items were returned to her designated representative on December 15, 2016. See Custody Receipt for Seized Property and Evidence, Letter Dec. 16, 2016 Ex. B, ECF No. 73-2. Therefore, her motion is denied as moot with respect to her personal property.

SO ORDERED.

S/ Allyne R. Ross
Allyne R. Ross
United States District Judge

Dated: December 19, 2016
Brooklyn, New York